
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAR 3 0 2009
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

JOSEPH AUGUSTINE        DOCKET NO. *1:08CV1127*
(D.O.C. #414602)

VERSUS        JUDGE DEE D. DRELL

DR. ALFONSO PACHECO, ET AL.      MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Joseph Augustine, filed on August 4, 2008. Augustine is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff complains of a "slip and fall" accident and seeks damages for negligence and a denial of medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that, on December 30, 2007, at around 4:30 a.m., he was putting up his breakfast tray after eating in the "chow hall." Plaintiff alleges that he slipped and fell in some liquid that was leaking from the "dishroom window" onto the floor. Plaintiff complains that there was no "wet floor" sign to warn him of the danger, no rubber mat, and no orderlies were mopping the

floor. He claims that, after he fell, Captain Knight told the orderlies to put the wet floor signs up.

Plaintiff claims that someone called the medical department, and LPN Calhoun reported to the scene and "did nothing to provide medical care and treatment." He complains that no ambulance was called and he was not taken to the infirmary on a stretcher. Plaintiff alleges that LPN Calhoun gave him no pain medication or ointment for his back, neck, or knee. Rather, she told Plaintiff to make a sick call if it got worse. Plaintiff was escorted him back to his dorm by other inmates, and he was "in sever and [excruciating] pain, crying with tears in his eyes like a baby." [Doc. #1, p.5]

Plaintiff made an emergency sick call on January 4, 2008 because he had severe back, neck, and knee pain, which he attributed to his slip and fall accident. He states that LPN Ryan refused to examine him properly, and gave inadequate medical care and treatment. Plaintiff complains that no x-rays were taken and no pain medication was given to him.

Plaintiff states that he had to wait to get an appointment with Dr. Pacheco until January 16, 2008, and the appointment was cancelled suddenly while Plaintiff was in the waiting room. [Doc. #1, p.5]

Plaintiff made another medical emergency on February 27, 2008. Dr. Pacheco told Plaintiff that all he could do for Plaintiff was

2

issue crutches. Dr. Pacheco did not order x-rays or give Plaintiff pain medication.

## LAW AND ANALYSIS

### I.   SLIP AND FALL

A "slip and fall" negligence claim is not cognizable in a federal civil rights action. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding the water on the floor raise nothing more than a negligence claim. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment."). Both the United States Supreme Court and the Fifth Circuit Court of Appeals

3

have ruled that "slip and fall" negligence claims are not cognizable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986).

## II. MEDICAL CARE

Plaintiff complains that he was denied proper medical care by Dr. Pacheco, Captain Knight, LPN Calhoun, and LPN Ryan. To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). In Estelle, the Court held that prison officials inflict cruel and unusual punishment if they are deliberately indifferent to an inmate's serious medical needs. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), quoting Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to

4

submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff has not presented allegations of deliberate indifference. He believes that Nurse Ryan did not examine him properly because she did not order x-rays or administer pain medication. However, this describes a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), citing Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Plaintiff complains that Nurse Calhoun also denied him care. However, according to Plaintiff, Calhoun instructed him to make a sick call if his pain worsened. Plaintiff did not make a sick call that day (December 30), or on December 31, January 1, January 2, or January 3. The fact that she gave him no pain medication or ointment describes a disagreement with medical care.

As for Dr. Pacheco, Plaintiff complains that he only offered crutches as opposed to pain medication or x-rays. He does not allege that Dr. Pacheco refused to treat him, intentionally treated him incorrectly, or otherwise acted with wanton disregard for Plaintiff's health. "Unsuccessful medical treatment, acts of

5

negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(citations omitted).

CONCLUSION

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true, and giving him the benefit of every doubt,

IT IS RECOMMENDED that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)®) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the**

6

factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE